GERTRUDE, The (UNITED STATES v.). See Case No. 5,369.

## Case No. 5,371.

### In re GETCHELL.

[8 Ben. 256.] [1]

District Court, S. D. New York.　Nov., 1875.

PRACTICE—SETTING ASIDE ADJUDICATION—JURISDICTION—VERIFICATION—NOTARY PUBLIC—SERVICE OF PAPERS—WAIVER OF IRREGULARITY.

1. A petition in involuntary bankruptcy verified before a notary public was filed on the 25th of February, 1875, and an order to show cause was made returnable March 6th, 1875. On the return of the order, proof of service of the petition and order to show cause was presented to the court, in the form of an affidavit, sworn to before a notary public, which contained no venue and in which the affiant swore that he served the copy of the petition and order to show cause on the bankrupt "by leaving the same personally with him." On the 6th of March, an adjudication of bankruptcy was made by default, a warrant was issued, an assignee was appointed, proofs of debt were filed and the bankrupt filed an application for his discharge. On November 1st, 1875, a creditor presented a petition to vacate the adjudication and all proceedings thereunder, because (1) the petition was verified before a notary public; (2) no deposition of any witness to any act of bankruptcy and no deposition as to any claim of any petitioning creditor is to be found on the files of the court; (3) because the proof of service of the petition and order to show cause was defective, and no order of publication thereof was made: Held, that the verification of the petition before a notary public was irregular under the Revised Statutes, but that such irregularity was a question of practice and not of jurisdiction.

[Cited in Re Donnelly, 5 Fed. 787.]

2. The adjudication was a judgment, and as effective as any other judgment to cure irregularities in practice which do not touch the jurisdiction of the court.

3. The absence of the depositions from the files was also a matter of practice and regularity, and not of jurisdiction.

4. The lack of the venue in the affidavit of service, its being verified before a notary, and its failure to state that the petition and order to show cause were served on the bankrupt by delivering the same to him personally, and that no order of publication was made, were also matters of regularity and there was nothing jurisdictional in them; and the debtor, by ap-

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

plying for a discharge, had waived all such objections, and his waiver was binding on all creditors whose debts were provable.

In bankruptcy.

R. Sampter, for the application.

W. F. Scott, in opposition.

BLATCHFORD, District Judge. In this case, which is one in involuntary bankruptcy, the petition was filed on the 25th of February, 1875. An order to show cause was issued on the same day, returnable on the 6th of March, 1875. The petition was verified by the taking of the oaths before a notary public. This was done before the Revised Statutes of the United States, approved June 22d, 1874, were promulgated in a volume, and when it was not known that their effect was such as to repeal the statute which had authorized oaths to be used in proceedings in the courts of the United States, to be taken before notaries public. On the 6th of March, 1875, proof of service of the petition and order to show cause on the debtor was presented to the court, in the form of an affidavit entitled in the matter and made by one William C. Gayler, and sworn to before a notary public. The affidavit contained no venue. In it the affiant swore that he served a certified copy of the petition and of the order to show cause, on the 26th of February, 1875, "upon Delos W. Getchell, in the city of New York, by leaving the same personally with him." On the 6th of March, 1875, an order of adjudication was entered, on the default of Getchell to appear, adjudging him a bankrupt. Thereupon a warrant was issued, under which his property was taken, and an assignee was duly appointed, and an assignment was made to him, and a number of proofs of debt have been filed, and the bankrupt has filed an application for his discharge, proceedings under which are now pending before a register. Afterwards, and on the 1st of November, 1875, a creditor of the bankrupt's, who is not shown to have proved his debt, presented to the court a petition, praying that the adjudication of bankruptcy and the proceedings thereunder be vacated, on the following grounds: (1) Because the original petition was verified before a notary public; (2) because no deposition of any witness to any act of bankruptcy, and no deposition as to any claim of any petitioning creditor, is to be found on the files of the court, and the petitioner had been informed by the clerk and believed, that such depositions had never been presented to the court or filed with the clerk; (3) because the proof of service of the petition and order to show cause on the debtor was defective, in that the venue was not stated therein, and it was sworn to before a notary public and it did not allege that the petition and the order to show cause were served on the debtor by delivering the same to him personally, or by leaving the same at his last or usual place

of abode; and no order for the publication of the same had been entered or obtained.

1. As to the verification of the petition before a notary public. This was irregular, but the irregularity did not affect the jurisdiction of the court. If, before the order of adjudication was entered, the irregularity had been brought to the notice of the court, it could and would have been remedied. But the question as to whether the petition is verified before a proper officer, is one of practice and not of jurisdiction. It is competent for the court to decide that it is verified before a proper officer, and, when the court has so decided, and an order of adjudication has been entered, it is too late for the debtor or for any creditor to raise the question. An order of adjudication is a judgment, and is as effective as any other judgment to cure irregularities in practice which do not touch the jurisdiction of the court.

2. As to the depositions which are not now to be found on file and which it is alleged were never filed, the objection is of the same character with that in regard to the verification of the petition. The order to show cause which was issued recites that it is made on "reading and filing proofs sustaining the allegations of the petition in the matter aforesaid." The matter is one of practice and regularity, and not of jurisdiction. The filing of the proper petition confers jurisdiction to issue the order to show cause, and the depositions are only necessary as evidence to enable the court to decide that sufficient grounds exist for the entry of an order to show cause.

3. The objection in respect to the absence of the statement of any venue in the affidavit of service of the petition and order to show cause on the debtor, and the objection that such affidavit was sworn to before a notary public, and the objection that such affidavit did not allege that the petition and the order to show cause were served on the debtor by delivering the same to him personally, or by leaving the same at his last or usual place of abode, and that no order for the publication of the same had been entered or obtained, are not tenable. They are not made by the debtor, but are made by a creditor, who does not bring them to the attention of the court until nearly six months after an adjudication of bankruptcy has been entered. The statute directs that "a copy of the petition and order to show cause shall be served on the debtor, by delivering the same to him personally, or by leaving the same at his last or usual place of abode, or, if the debtor cannot be found and his place of residence cannot be ascertained, service shall be made by publication in such manner as the judge may direct;" and that "no further proceedings, unless the debtor appears and consents thereto, shall be had, until proof has been given, to the satisfaction of the court, of such service of publication." The court

had a right to declare on the presentation of the proof of service, that it was satisfied with the affidavit of service (the debtor not appearing and not raising any question) although it contained no venue, and although it was sworn to before a notary public, and although it only stated that the person making the service left the copy of the petition and order to show cause personally with the debtor, and did not state that he delivered it to the debtor personally. These are matters of regularity. There is nothing jurisdictional in them. It is not offered now to be shown that the copy of the petition and order to show cause was not delivered to the debtor personally. On the contrary, Gayler, the person who made the affidavit of service on which the court acted, now deposes, that, on the 26th of February, 1875, he personally served upon the debtor a copy of the petition and order to show cause, by handing said copy to him and leaving the same with him, and that he personally knew the debtor and knew him to be the person to whom the order was directed. The bankrupt also deposes, that Gayler, on the day named, personally handed to and left with him a copy of the petition and order to show cause; that he well knew that he was insolvent, and had stopped payment, for more than forty days immediately preceding the day the petition was filed, of certain promissory notes made by him (that being the act of bankruptcy alleged in the petition), and well knew that he could not make any good answer to the petition nor show any cause why he should not be adjudged a bankrupt; and that, therefore, he refrained from making any appearance on the order to show cause.

It may also be said, in regard to the objections raised under the third head, that they go at the utmost only to the question whether the court obtained jurisdiction of the person of the debtor, and that the debtor, by applying for discharge in the proceedings, has waived all such objections, and his waiver is binding on all creditors whose debts are provable.

The application to vacate the adjudication is denied, with costs.